JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KATHRYN R. HAUN (DCBN 484131)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6740
Kathryn.Haun@usdoj.gov

Attorneys for the United States

**FILED**

DEC 30 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 03-0130-MJJ |
| Plaintiff, ) | |
| ) | ~~PROPOSED~~ ORDER OF DETENTION |
| v. ) | OF WAYLAND GIBSON |
| ) | |
| WAYLAND GIBSON, ) | |
| Defendant. ) | |

The defendant came before this Court on December 29, 2009, for a detention hearing. Assistant United States Attorney Kathryn R. Haun represented the United States. The defendant was present and represented by Scott Burrell, Esquire.

The United States requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. As an alternate basis for detention, the United States submitted that the defendant posed a risk of flight.

Upon consideration of the proffers of the parties, and the court file, including its recitation of the defendant's criminal history, the Court finds that a showing has not been made by clear and convincing evidence that there exists a condition or combination of conditions that will reasonably assure the safety of the community, or the defendant's appearance at future court

CR 03-0130-MJJ
Proposed Detention Order

CHAMBERS COPY

1  proceedings, if the defendant is not detained. The Court therefore orders the defendant detained.

2  The present order supplements the Court's findings at the detention hearing and serves as
3  written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(I).

4  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
5  Court must consider in determining whether detention is warranted. In coming to its decision,
6  the Court has considered those factors, paraphrased below:

7  (1) the nature and seriousness of the offense charged;

8  (2) the weight of the evidence against the person;

9  (3) the history and characteristics of the person including, among other considerations,
10  employment, past conduct and criminal history, and records of court appearances; and
11  (4) the nature and seriousness of the danger to any person or the community that would
12  be posed by the person's release.

13  18 U.S.C. § 3142(g).

14  In considering all of the facts and proffers presented at the hearing, the Court finds the
15  following factors among the most compelling in reaching its conclusion:

16  First, the defendant has a lengthy criminal history. This includes but is not limited to
17  felonies involving weapons and narcotics, and multiple arrests while on probation.

18  Second, simply put, the defendant has demonstrated a failure to abide by the terms of his
19  supervised release. The Court takes note of the prior Form 12 petition and amendments that have
20  been filed against the defendant, their adjudication, and the instant Form 12 petition.

21  Third, there is substantial evidence that the defendant committed the allegations
22  contained in the instant Form 12 petition. The allegations are quite specific with respect to
23  violence and threats to a third party, the defendant's flight from police, and identify the police
24  officer(s) involved.

25  Fourth, there have been 24 prior bench warrants issued for the defendant's arrest (the
26  number at the time of a 2003 pretrial services report). These warrants, coupled with the fact that
27  the defendant has fled from law enforcement on previous occasions, suggest that he poses a risk
28  of flight notwithstanding his ties to the community.

CR 03-0130-MJJ
Proposed Detention Order

1    These factors, among others adduced at the hearing, support the Court's conclusion that
2  the defendant has not demonstrated that there exists a condition or combination of conditions that
3  would reasonably assure the safety of the community or assure his appearance at future court
4  proceedings.
5    Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:
6    (1) the defendant is committed to the custody of the Attorney General for confinement in
7    a corrections facility;
8    (2) the defendant be afforded reasonable opportunity for private consultation with his
9    counsel; and
10    (3) on order of a court of the United States or on request of an attorney for the
11    government, the person in charge of the corrections facility in which the defendant is
12    confined shall deliver the defendant to an authorized Deputy United States Marshal for
13    the purpose of any appearance in connection with a court proceeding.
14    This order is made without prejudice to the defendant's making a further showing regarding
15  detention in the future, should new information become available.
16  Dated:

                         _____
                         The Honorable Timothy Bommer
                         United States Magistrate Court Judge

CR 03-0130-MJJ
Proposed Detention Order