JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KATHRYN R. HAUN (DCBN 484131)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6740
Kathryn.Haun@usdoj.gov

Attorneys for the United States

FILED

MAR 3 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WAYLAND GIBSON, <br><br> Defendant. | No. CR 03-0130-VRW (related) <br> No. CR 10-0198-VRW <br><br> ~~PROPOSED~~ ORDER OF DETENTION OF WAYLAND GIBSON |

The defendant came before this Court on March 30, 2010, for a detention hearing on the five-count Indictment in this matter. Assistant United States Attorney Kathryn R. Haun represented the United States. The defendant was present and represented by Jay Nelson, Esquire.

The United States requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. As an independent basis for detention, the United States also submitted that the defendant posed a serious risk of flight.

Upon consideration of the proffers of the parties, and the court file, including its recitation of the defendant's criminal history, the Court finds that the government has met its burden by clear and convincing evidence that there exists no condition or combination of

CR 10-0198-VRW (related CR 03-130)
Proposed Detention Order

1  conditions that will reasonably assure the safety of the community if the defendant is not
2  detained. In addition, the Court finds that the government has met its burden of demonstrating
3  that, absent the defendant's detention, there is a serious risk that he would flee. The Court
4  therefore orders the defendant detained.
5  The present order supplements the Court's findings at the detention hearing and serves as
6  written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(I).
7  The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the
8  Court must consider in determining whether detention is warranted. In coming to its decision,
9  the Court has considered those factors, paraphrased below:
10  (1) the nature and seriousness of the offense charged;
11  (2) the weight of the evidence against the person;
12  (3) the history and characteristics of the person including, among other considerations,
13  employment, past conduct and criminal history, and records of court appearances; and
14  (4) the nature and seriousness of the danger to any person or the community that would
15  be posed by the person's release.
16  18 U.S.C. § 3142(g).
17  In considering all of the facts and proffers presented at the hearing, the Court finds the
18  following factors among the most compelling in reaching its conclusion:
19  First, a December 2009 detention order in the related case 03-130-VRW reveals the
20  defendant had 24 outstanding bench warrants as of 2003. Although the Court does not rely on
21  conclusion reached in that case, insofar as the defendant carried the burden in that matter
22  whereas here the United States carries the burden here, the Court nonetheless relies on the
23  factual finding as to the 24 bench warrants in determining that the defendant herein poses a
24  serious risk of flight.
25  Second, the Court finds significant the defendant's 2001 felony conviction for evading
26  law enforcement. Allegations in the instant Indictment also involve the defendant leading law
27  enforcement on a high-speed chase. Although weight of the evidence is the least relevant of the
28  factors the Court considers in its bond determination, the Court nonetheless takes note of the

CR 10-0198-VRW (related CR 03-130)
Proposed Detention Order

similar conduct for which the defendant has previously been convicted. In addition, the defendant has offered no sureties.

Third, the Court takes note of the defendant's criminal history, which includes several felony convictions as well as for being a felon-in-possession of a firearm.

Fourth, the Court takes note of the defendant's prior supervised release violations involving physical violence to a third-party.

These factors, among others adduced at the hearing, support the Court's conclusion that (1) the government has met its burden by clear and convincing evidence that there exists no condition or combination of conditions that would reasonably assure the safety of the community, and (2) the government has met its burden of demonstrating the defendant poses a serious risk of flight.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This order is made without prejudice to the defendant's making a further showing regarding detention in the future, should new information become available.

Dated: March 31, 2010

The Honorable Edward M. Chen
United States Magistrate Court Judge

CR 10-0198-VRW (related CR 03-130)
Proposed Detention Order